**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **T2 MODUS, LLC,** *Plaintiff* | § § | CASE NO. 4:22-CV-00263-ALM |
| V. | § § § | |
| **COLYNDA WILLIAMS-AROWOLO** *Defendant.* | § § | |

**PLAINTIFF T2 MODUS LLC'S MOTION TO STRIKE DEFENDANT'S ORIGINAL COMPLAINT AND SUBJECT TO ITS MOTION TO STRIKE, ORIGINAL ANSWER TO DEFENDANT COLYNDA WILLIAMS-AROWOLO'S ORIGINAL COUNTERCLAIM**

Plaintiff T2 Modus ("T2") files this Motion to Strike Defendant's Original Complaint and, Subject to its Motion to Strike, Answer and Affirmative Defenses to Defendant Colynda Williams-Arowolo's ("Williams" or "Defendant") Counterclaim (the "Counterclaim") and in support states as follows:

## MOTION TO STRIKE ORIGINAL COMPLAINT

Plaintiff requests that the Court strike Defendant's Original Complaint from the record because Defendant filed it without first obtaining leave of Court. Under the Federal Rule of Civil Procedure 8(a)(2), Fifth Circuit precedent and the Court's Scheduling Order [Dkt. 7], Defendant was required to obtain leave of Court prior to asserting these claims.

## LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, T2 denies the allegations of the Counterclaim except for the designated allegations expressly admitted below.

## SUBJECT TO ITS MOTION TO STRIKE T2'S ANSWERS TO WILLIAM'S ORIGINAL COUNTERCLAIM

The following specific responses to Williams's Counterclaim correspond numerically to the respectively numbered paragraphs in the Counterclaim.

## I. INTRODUCTION

1. With respect to the allegations in Paragraph 1, T2 admits Williams was hired as Vice President of Training and Education in December 2019.

2. With respect to the allegations in Paragraph 2, T2 admits that Williams was promoted to Executive Vice President of Customer Excellence and Engagement around May 1, 2021, but denies the remainder of the allegations.

3. With respect to the allegations in paragraph 3, T2 admits that Williams salary was $130,000 and denies the remainder of the allegations.

4. With respect to the allegations in Paragraph 4, T2 admits that during the COVID-19 pandemic T2 temporarily reduced all employees' wages. T2 denies the remainder of the allegations in this paragraph.

5. With respect to the allegations in Paragraph 5, T2 denies that T2 eavesdropped on Williams' telephone conversations.

## II. PARTIES, JURISDICTION AND VENUE

6. With respect to the allegations in Paragraph 6, T2 admits that Williams lives in San Pedro, California

7. With respect to the allegations in Paragraph 7, T2 admits that it is a Texas limited liability company with its principal place of business at 905 Shadow Ridge Drive, Highland Village, Texas 75077

8. With respect to the allegations in Paragraph 8, T2 admits that the claims set forth in the Counterclaim are subject to the jurisdiction and venue of this Court. However, as set forth above, Williams Counterclaim is untimely and filed in violation of Rule 15(a)(2) and the Court's Scheduling Order dated June 16, 2022.

## III. COMMON ALLEGATIONS

9. With respect to the allegations in Paragraph 9, T2 admits that Williams entered into an Employment Agreement with T2. T2 denies the remainder of the allegations.

10. T2 admits the allegations in Paragraph 10.

11. T2 denies the allegations in Paragraph 11.

12. With respect to the allegations in Paragraph 12, T2 admits the Employment Agreement contains an attorneys' fee provision, but denies the remainder of the allegations in this paragraph.

13. T2 denies the allegations in Paragraph 13.

14. T2 admits the allegations in Paragraph 14.

15. T2 admits the allegations in Paragraph 15.

16. With respect to the allegations in Paragraph 16, T2 admits that it ceased its temporary reduction of employee wages in 2021 and denies the remainder of the allegations in this paragraph.

17. T2 admits that its PPP loan was forgiven, but denies the remainder of the allegations in Paragraph 17.

18. T2 admits that Williams worked for T2 until T2, but is without knowledge to admit or deny the remainder of the allegations in Paragraph 18 and thus denies these allegations.

19. T2 denies that it recorded Williams' telephone conversations, and is without knowledge to admit or deny the remainder of the allegations in Paragraph 19 and thus denies these allegations.

20. T2 denies that it recorded telephone conversations and is without knowledge to admit or deny the remainder of the allegations in Paragraph 20 and thus denies these allegations.

## IV. COUNT I – CAL. LAB. CODE §§ 202 AND 203

21. T2 incorporates by reference its response to each of the previous paragraphs.

22. T2 admits that Williams resided in California when she was employed by T2 and denies the remainder of the allegations contained in Paragraph 22.

23. To the extent the allegations in Paragraph 23 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

24. T2 admits that Williams terminated her employment with T2 on December 13, 2021 and denies the remainder of the allegations contained in Paragraph 24.

25. T2 denies the allegations contained in Paragraph 25.

26. T2 denies the allegations contained in Paragraph 26.

27. To the extent the allegations in Paragraph 27 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

28. To the extent the allegations in Paragraph 28 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

29. To the extent the allegations in Paragraph 29 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

## V. COUNT II – VIOLATION OF TEXAS LABOR CODE §§ 61.014 AND 61.018

30. T2 incorporates by reference its response to each of the previous paragraphs.

31. To the extent the allegations in Paragraph 31 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

32. T2 admits that Williams terminated her employment on December 13, 2021 and denies the remainder of the allegations contained in Paragraph 32.

33. T2 denies the allegations contained in Paragraph 33.

## VI. COUNT III – VIOLATION OF CAL. PENAL CODE § 632

34. T2 incorporates by reference its response to each of the previous paragraphs.

35. T2 denies that it recorded Williams conversations and is without knowledge to admit or deny the remainder of the allegations contained in Paragraph 35 and thus denies these allegations.

36. To the extent the allegations in Paragraph 36 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

37. To the extent the allegations in Paragraph 37 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

38. T2 denies the allegations contained in Paragraph 38.

39. T2 is without knowledge to admit or deny the allegations contained in Paragraph 39 and thus denies these allegations.

40. To the extent the allegations in Paragraph 40 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

## VII. COUNT IV– BREACH OF CONTRACT

41. T2 incorporates by reference its response to each of the previous paragraphs.

42. T2 admits that Williams entered into an Employment Agreement with T2 and denies the remainder of the allegations contained in Paragraph 42.

43. T2 denies the allegations contained in Paragraph 43.

44. T2 denies the allegations contained in Paragraph 44.

45. To the extent the allegations in Paragraph 45 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

46. T2 denies the allegations contained in Paragraph 46.

## VIII. COUNT V – UNJUST ENRICHMENT

47. T2 incorporates by reference its response to each of the previous paragraphs.

48. To the extent the allegations in Paragraph 48 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

49. To the extent the allegations in Paragraph 49 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

50. To the extent the allegations in Paragraph 50 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

## IX. COUNT VI – VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*

51. T2 incorporates by reference its response to each of the previous paragraphs.

52. To the extent the allegations in Paragraph 52 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

53. To the extent the allegations in Paragraph 53 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

54. To the extent the allegations in Paragraph 54 consist of legal conclusions, no response from T2 is required. To the extent a response is required, T2 denies these allegations.

## X. RELIEF REQUESTED

T2 denies the allegations in the Prayer and that Williams is entitled to any of the requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pleading further, and in the alternative as necessary, T2 asserts the following defenses and affirmative defenses to the Counterclaim. T2 reserves the right to amend or add any additional defenses or affirmative defenses, which may become known during the course of discovery.

1. Williams' claims are subject to arbitration under the Employment Agreement.

2. To the extent that the Agreements are valid and enforceable, Williams's claims are barred by her prior material breach of the agreements.

3. Williams's claims are barred by waiver.

4. Williams failed to take reasonable measures to mitigate her damages, if any.

5. T2 asserts the affirmative right of offset.

Dated: October 21, 2022

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ William Finegan*
William Finegan
Texas Bar No. 07008700
Aynsley Young
Texas Bar No. 24102674
Jordan R. Curry
Texas Bar No. 24116242

500 N. Akard St., Suite 3800
Dallas, Texas 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
bfinegan@munsch.com
ayoung@munsch.com
jcurry@munsch.com

**ATTORNEYS FOR PLAINTIFF, T2 MODUS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I served this response on all counsel of record via the Court's ECF system.

*/s/ William Finegan*
William Finegan