**United States District Court**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| T2 MODUS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-263 |
| | § | Judge Mazzant |
| COLYNDA WILLIAMS-AROWOLO, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the Court are Defendant Colynda Williams-Arowolo's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #6) and Motion to Strike Portions of Plaintiff's Surreply Brief (Dkt. #15). Having considered the motions and the relevant pleadings, the Court finds that both motions should be **DENIED**.

## BACKGROUND

Plaintiff T2 Modus, LLC, filed suit against Defendant Colynda Williams-Arowolo for alleged violations of the federal Computer Fraud and Abuse Act, violations of the Texas Harmful Access to Computer Act, violations of the Texas Uniform Trade Secrets Acts, breach of contract, and breach of fiduciary duty in Texas state court (Dkt. #2). According to Plaintiff, Defendant accessed and downloaded Plaintiff's data and proprietary information associated with one of Plaintiff's former clients. On, April 3, 2022, Defendant removed the case to federal court (Dkt. #1). Defendant has not yet answered; instead, Defendant filed a motion to dismiss (Dkt. #6).

On May 26, 2022, Defendant filed its motion to dismiss the complaint, alleging that Plaintiff failed to state a claim upon which relief could be granted (Dkt. #6). According to Defendant, Plaintiff made admissions in its complaint that are fatal to all five causes of action:

(1) the information was already disclosed to a third party, i.e., Plaintiff's former customer; and (2) Defendant was acting as an agent of Plaintiff's former customer (Dkt. #6). Defendant argues that the former customer owned the data and had a right to download the information. Moreover, Defendant argues that Plaintiff failed to meet the heightened pleading requirements for a fraud claim. On June 17, 2022, Plaintiff responded, arguing that Defendant was misconstruing portions of Plaintiff's complaint and taking statements out of context (Dkt. #9). On June 28, 2022, Defendant filed its reply (Dkt. #12). On July 5, 2022, Plaintiff filed its sur-reply (Dkt. #13).

On July 7, 2022, Defendant files its Motion to Strike Portions of Plaintiff's Surreply Brief, arguing that Plaintiff invented new allegations that were nowhere to be found in Plaintiff's complaint (Dkt. #15). According to Defendant, Plaintiff claimed for the first time that Defendant downloaded Plaintiff's "software" as opposed to records pertaining to vehicle owners who are customers of Plaintiff's former client (Dkt. #15 at p. 2).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."' *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

After reviewing the current complaint, and the arguments presented in briefing, the Court finds that Plaintiff has stated plausible claims for relief against Defendant.

First, the Computer Fraud and Abuse Act is not subject to a heightened pleading standard. *EnviroGLAS Products, Inc. v. EnviroGLAS Products, LLC*, 705 F. Supp. 2d 560, 572 (N.D. Tex. 2010) ("[T]he Computer Fraud and Abuse Act does not require a heightened pleading standard."); *see also DHI Group, Inc. v. Kent*, No. CV H-16-1670, 2017 WL 1088352, at *12 (S.D. Tex. Mar. 3, 2017), *R&R adopted*, No. CV H-16-1670, 2017 WL 1079184 (S.D. Tex. Mar. 22, 2017) ("[Defendant] has cited no authority, and the court is aware of none, that the Fifth Circuit requires plaintiffs to meet the heightened pleading standard of Rule 9(b) for [Computer Fraud and Abuse Act] violations. While fraud is involved in these claims, it is different from common law fraud that requires an actionable misrepresentation."); *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 719 (N.D. Ill. 2009) ("The heightened pleading standards of Rule 9(b) do not apply to the Computer Fraud and Abuse Act."); *P.C. of Yonkers, Inc. v. Celebrations! The Party And Seasonal Superstore, L.L.C.*, No. CIV.A.04-4554 JAG, 2007 WL 708978, at *6 (D.N.J. Mar. 5, 2007) ("Despite the fact that the CFAA contains the term "fraud," Rule 9(b)'s5 heightened pleading standard does not apply to claims made under the statute"); *Coll Builders Supply, Inc. v. Velez*, No. 617-CV-933, 2017 WL 4158661, at *9 (M.D. Fla. Aug. 31, 2017), *R&R adopted*, No. 6:17-CV-933-ORL-DCI, 2017 WL 4125641 (M.D. Fla. Sept. 18, 2017) ("[D]espite the title "Computer Fraud and Abuse Act," Rule 9(b) does not apply to violations brought under the CFAA.").

Second, much of Defendant's argument centers around factual disputes and, in order to grant the motion to dismiss, the Court would have to resolve those disputes in favor Defendant. For example, to grant Defendant's motion, the Court would have to determine what data was taken,

whether the data was available to the public, whether Defendant was an agent of Plaintiff's former client, and so on. However, the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby*, 681 F.3d at 219. Accordingly, dismissal at this stage is not warranted.

On a final note, Defendant's Motion to Strike Portions of Plaintiff's Surreply Brief (Dkt. #15) asks the Court to strike Plaintiff's sur-reply brief because it used language not found in the complaint. Defendant takes issue with Plaintiff's use of the word "software" in its sur-reply brief. However, it is clear from Plaintiff's complaint that Plaintiff is accusing Defendant of downloading and misappropriating portions of its data and software, even if that exact word is not used.

**CONCLUSION**

It is therefore **ORDERED** that Defendant Colynda Williams-Arowolo's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #6) and Defendant's Motion to Strike Portions of Plaintiff's Surreply Brief (Dkt. #15) are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 29th day of November, 2022.**

Amos Mazzant

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE