John Mayfield Rushing (SBN # 24034659)
Ryan McCarl (Cal SBN # 302206)
Davit Avagyan (Cal SBN # 336350)
Rushing McCarl LLP
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: info@rushingmccarl.com

*Attorneys for Defendant and Counterclaimant*
*Colynda Williams-Arowolo*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS—SHERMAN DIVISION

T2 MODUS, LLC,

*Plaintiff*,

v.

COLYNDA WILLIAMS-AROWOLO,

*Defendant*.

---

COLYNDA WILLIAMS-AROWOLO,

*Counterclaimant*,

v.

T2 MODUS, LLC and JIM ROACH,

*Counterdefendants*.

Case No. 4:22-cv-263

Defendant Colynda Williams-Arowolo's Notice of Motion and Motion to Compel Further Discovery Responses from Plaintiff T2 Modus, LLC

[*Filed concurrently with Declaration of Ryan McCarl in Support of Williams' Motion to Compel and Proposed Order*]

## DEFENDANT COLYNDA WILLIAMS-AROWOLO'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES FROM PLAINTIFF T2 MODUS, LLC

Please take notice that Defendant and Counterclaimant Colynda Williams-Arowolo ("Williams") moves under Fed. R. Civ. P. 37 for an order compelling Plaintiff and Counterdefendant T2 Modus, LLC ("T2") to produce further responses to Williams' First Set of Interrogatories and Requests for Production, to produce documents related to T2's Initial Disclosures, and for verification of T2's responses to Williams' Interrogatories, Request for Admissions, and Request for Production of Documents. Williams will seek reimbursement from T2 for costs and attorney fees incurred in filing this motion. Williams will also seek sanctions.

The grounds for this motion include the following:

1. T2 has refused to produce a single document in response to Williams' requests for production or in connection with its initial disclosures.

2. T2 is withholding information and documents based on claimed trade secrets and confidentiality privileges, but T2 filed a trade-secrets lawsuit against Williams. T2 must identify the trade secrets alleged in its complaint and must not be allowed to conduct a trial by ambush.

3. T2 refuses to respond to interrogatories demanding to know what facts and documents T2 has to support its claims.

4. Despite numerous attempts to meet and confer, both in writing and via telephone, T2 made no effort to address the concerns raised in this motion by amending its responses, producing documents, or supplying verifications.

5. The only discovery responses T2 provided were unverified, evasive, incomplete, and filled with improper boilerplate objections.

This motion is based on the documents below as well as other papers submitted before or arguments presented at the hearing (if the Court orders one):

- Defendant Colynda Williams-Arowolo's Memorandum of Points and Authorities in Support of Motion to Compel Further Responses to Interrogatories, Requests for Production, Verification of Interrogatories, and Initial Disclosure Documents.

- Declaration of Ryan McCarl in Support of Defendant Colynda Williams-Arowolo's Memorandum of Points and Authorities in Support of Motion to Compel Further Responses to Interrogatories, Requests for Production, Verification of Interrogatories, and Initial Disclosures.

Dated: December 30, 2022

Respectfully submitted,

Ryan McCarl
SBN # 302206

Rushing McCarl LLP
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: info@rushingmccarl.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WILLIAMS' MOTION TO COMPEL FURTHER DISCOVERY REQUESTS FROM T2 MODUS, LLC**

I. Introduction .......... 3
II. Background .......... 4
III. Legal Standard .......... 5
IV. Argument .......... 6
A. T2 refuses to produce a single document. .......... 6
B. T2 refuses to provide verified discovery responses. .......... 8
C. T2's interrogatory responses are incomplete and evasive. .......... 8
D. T2's initial disclosures are incomplete. .......... 9
E. T2's general objections should be stricken. .......... 9
V. T2 should be required to pay the fees it forced Williams to incur in bringing this motion. .......... 10
VI. Conclusion .......... 11

## I. Introduction

Plaintiff T2 Modus, LLC filed a baseless trade secrets lawsuit against its former sales employee, defendant Colynda Williams-Arowolo ("Williams"), costing Williams nearly $200,000 in attorney fees to date. But T2 has refused to participate in discovery or explain the basis of its nebulous claims. Indeed, T2 has refused to produce a single document, to specifically identify any of the supposed trade secrets referred to in its Complaint, or to provide verified responses to interrogatories or requests for admission. Despite attempts by Williams' counsel to meet and confer, T2 made no effort to provide responsive documents, amended non-evasive responses, or verifications.

T2 refuses to participate in the discovery process in good faith, causing the parties and this Court unnecessary delay and expense and threatening to violate Williams' due process rights in a trial by ambush. Williams has no idea what facts and claims T2 plans to assert at trial or what evidence it may have supporting those facts and claims. Nor has

Williams been able to review any documents that could clarify T2's vague complaint, or to obtain evidence in T2's possession that defeats T2's claims or supports Williams' defenses.

Discovery obstruction is integral to T2's strategy. T2 hopes to capitalize on its financial advantages over Williams, a former sales employee whose wages T2 illegally withheld, by causing her to incur unnecessary attorney fees at every turn. Since T2's lawsuit against Williams lacks any legal or factual basis, T2's only hope is for Williams to be unable to pay to defend herself.

Williams asks the Court to order T2 to produce all responsive documents, verify its discovery responses, supplement its initial disclosures, and produce further responses to Williams' First Set of Interrogatories and First Set of Requests for Production.

## II. Background

T2 sued Williams alleging violation of the Computer Fraud and Abuse Act, violation of the Texas Harmful Access to Computer Act, statutory misappropriation of trade secrets, breach of contract, and breach of fiduciary duty. T2 has claimed that Williams' action giving rise to these claims was Williams' downloading some data that T2 claims is its trade secret. But in its complaint, T2 does not identify what exactly constituted its trade secrets or what damages it incurred. Now, T2 is also refusing to identify the main subject of this litigation in its discovery responses and attempting to force Williams to litigate while blindfolded as to the facts.

Williams propounded discovery requests to T2 on September 19, 2022. On October 19, 2022, T2 sent its responses to the First Set of Requests for Admission, the First Set of Requests for Production, and the First Set of Interrogatories. But T2 did not send any document production that day or at any time, despite repeated inquiries from Williams' counsel.[1] On October 21, Williams' counsel sent another email seeking to meet and confer

1 McCarl Decl. Exh. F.

with T2's counsel and asking that documents be produced by the following Monday.[2] T2 ignored this and other inquiries. It never produced a single document.

On October 24, 2022, Williams' counsel sent T2's counsel a meet-and-confer letter, requesting that deficiencies in the responses be corrected.[3] Finally, on November 3, 2022, Williams' and T2's new counsel met and conferred telephonically regarding the discovery responses. Williams' counsel provided another two weeks for T2 to amend responses,[4] but T2 has again refused to do so and has provided no amendments to its interrogatories or responsive documents.

## III. Legal Standard

Williams is presumptively entitled to discovery of any matter within the broad scope of discovery relevance set forth in Federal Rule of Civil Procedure 26. Federal discovery "rules are … accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."[5] The information sought in discovery need not itself be admissible; instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence.

If the serving party does not receive a proper response to their discovery requests, then the serving party may request an order compelling disclosure.[6] The party resisting discovery has the burden to show "specifically how each discovery request is not relevant or otherwise objectionable" rests with the party resisting discovery.[7] If the motion to

---

[2] McCarl Decl. Exh. G.

[3] McCarl Decl. Exh. H.

[4] McCarl Decl. Exh. I.

[5] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[6] Fed. R. Civ. P. 37(a).

[7] *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 593 (N.D. Tex. 2017).

compel is granted, the Court should award the movant's "reasonable expenses incurred in making the motion, including attorney's fees."[8]

## IV. Argument

### A. T2 refuses to produce a single document.

To this day, as we approach the close of discovery in a case that has been on the docket for almost a year, T2 has failed to produce a single document in response to Williams' Requests for Production or in connection with T2's initial disclosures. T2's stonewalling has made it impossible for Williams to conduct depositions or obtain evidence she needs for trial.

T2's responses to Williams' Requests for Production are also evasive. In T2's responses to Requests for Production Nos. 1, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 19, 20, 21, 22, 23, 25, 33, 34, 37, and 38, T2 states that "following the entry of a protective order and at a mutually agreeable time and place, T2 will produce any responsive, non-privileged documents within its possession, custody or control."[9] But the party that believes a protective order is necessary must take the initiative to meet and confer about such an order, then file for one. T2 cannot claim that a protective order is needed, take no action towards getting a protective order, and then use the order's absence as an excuse to evade discovery.
T2 never tried to meet and confer with Williams' counsel about a motion for a protective order or moved for any protective order.

T2 should not be allowed to delay discovery any further. The time for production already passed on the October 19, 2022 due date. T2's should be compelled to provide non-evasive responses and produce the documents requested in the Requests for Production Nos. 1, 4, 5, 6, 7, 10, 11, 12, 13, 14, 17, 19, 20, 21, 22, 23, 25, 33, 34, 37, and 38.

---

8 Fed. R. Civ. P. 37(a)(5)(A).
9 McCarl Decl. Exh. D.

Additionally, T2 also objects to Requests for Production Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, 25, 31, 33, 34, 37, 38, 42, 43, and 44 for seeking "T2's confidential, proprietary, and/or trade secret information."[10] But T2 chose to file a trade-secrets lawsuit against Williams and has refused to dismiss it despite knowing that it lacks any legal or factual basis. Williams has a right to know what trade secrets T2's claims are based on. This requires that T2 provide reasonably particular descriptions and produce relevant documents so Williams can defend herself at trial.

The Complaint does not coherently identify or describe any trade secrets. There is a consensus among district courts in the Fifth Circuit that plaintiffs alleging violations of a trade secret must identify the alleged trade secrets at issue with reasonable particularity.[11]

> While the Fifth Circuit has not defined reasonable particularity, generally listing software, data processing algorithms, and processes that a plaintiff developed owned, or licensed, [or] disclosures that only reveal the end results of, or functions performed by, the claimed trade secrets, and various concepts, elements, or components that make up designs do not satisfy the requirement.[12]

To meet the standard of reasonable particularity, Courts have required plaintiffs to break out each alleged trade secret and identify the trade secret with sufficient particularity for the defendant to understand how the information differs from information available publicly.[13]

---

[10] *Id*.

[11] *Uop LLC & Uop Russell LLC v. Exterran Energy Sols., L.P.*, Civil Action No. 4:21-cv-02804, 2021 U.S. Dist. LEXIS 256733, at *2–3 (S.D. Tex. Sep. 28, 2021).

[12] *Id*. at 3 (internal quotation marks omitted) (citing *StoneEagle Servs. v. Valentine*, No. 3:12-cv-1687-P, 2013 U.S. Dist. LEXIS 188512, at *4 (N.D. Tex. June 5, 2013).

[13] *Id*.

Because T2 refuses to produce responsive documents, Williams cannot take depositions or prepare for trial. She cannot defend herself against claims involving alleged trade secrets when the plaintiff refuses to enlighten her about what these trade secrets are. T2 must not be allowed to evade discovery and thwart Williams' right to a fair trial.

### B. T2 refuses to provide verified discovery responses.

Despite repeated requests, T2 has refused to provide verified responses to Williams' Interrogatories, Requests for Admissions, and Requests for Production.[14] Verifications are required under the Federal Rules of Civil Procedure, and T2 has no excuse for its failure to provide verifications.[15]

### C. T2's interrogatory responses are incomplete and evasive.

T2 objects to Interrogatories No. 12, 13, 16, 18, and 20, refusing to provide an answer until a protective order is in place.[16] These requests are seeking identification of the trade secrets and identification of documents that are related to the trade secret. But T2 has neither moved for a protective order nor even attempted to meet and confer regarding a joint motion for such an order. T2's responses to these interrogatories are evasive, and its conduct shows an intent to obstruct discovery by using vague and unsubstantiated assertions of confidentiality.

T2 also objects to Interrogatories Nos. 12, 13, 16, 18, and 20 as seeking "confidential information."[17] But T2 must enlighten Williams as to what trade secrets its claims against

---

[14] McCarl Decl. Exhs. C, D, and E.

[15] *See, e.g.*, Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

[16] McCarl Decl. Exh. E.

[17] *Id*.

her are based on. As argued above, a plaintiff must provide sufficiently particular identification of trade secrets when it brings a claim for missapropriation of trade secrets. A defendant must be able to understand, based on the information provided by the plaintiff, how each alleged trade secret is in fact a secret and not simply information publicly available. Here, Williams' is not even provided identification of the trade secret, let alone how it constitutes a trade secret. T2 may not circumvent discovery based on vague and evasive confidentiality claims.

### D. T2's initial disclosures are incomplete.

T2 did not produce any documents in connection with its Federal Rule of Civil Procedure 26 initial disclosures. Williams moves to compel this disclosure under Rule 37(3)(a). T2 made its initial disclosures on May 23, 2022. In T2's Initial Disclosure No. 5, T2 lists five categories of documents it may use to support its claims. But T2 has yet to identify or produce any such documents.

T2 also stated in Initial Disclosure No. 6 that it "will supplement its response" regarding documents that relate to the computation of damages "as additional documents and information become available."[18] Many months later, T2 has still produced no documents related to damages (or any other subject). The Court should order T2 to comply with Rule 26 by producing documents relating to or identified in its initial disclosures.

### E. T2's general objections should be stricken.

T2's responses to Williams' request for production contained general objections, which are improper.[19] It is impossible for Williams to know whether information or documents

---

[18] McCarl Decl. Exh. A.
[19] *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014).

were withheld on any grounds supposedly furnished by one of these general objections.[20] This Court should compel T2 to respond in full to Williams' discovery requests, striking or overruling all objections.

## V. T2 should be required to pay the fees it forced Williams to incur in bringing this motion.

If this Court finds that T2 has not complied with the Federal Rules of Civil Procedure in its discovery responses, Williams should be awarded fees and expenses associated with this motion.[21]

Further, Rule 37(d)(1) provides that the Court may impose sanctions against a party that fails to serve answers, objections, or written responses after being served with interrogatories and request for inspection. T2's pervasive discovery misconduct demands sanctions under Rule 37. T2 has (1) refused to verify its discovery responses as required; (2) provided incomplete, evasive, and unverified interrogatory responses accompanied by meritless and general objections; and (3) produced no responsive documents or a privilege log identifying any withheld documents.

Despite Williams' counsel's attempts to receive adequate discovery from T2 and to meet and confer with T2's attorneys, T2 refuses to produce adequate responses. Williams' counsel attempted to meet and confer several times by email and telephone, but none of these efforts have led to any documents being produced by T2. Williams' counsel sought document production in writing on October 19, 21, 24, and December 15, and via telephone on November 3. T2's counsel was on notice that Williams' intended to bring a motion to compel and would seek fees if T2 did not provide responses. Nevertheless, T2

---

[20] *See id*.

[21] *See* Fed. R. Civ. P. 37(a)(5)(A).

stood pat and never supplied responsive documents, non-evasive answers, or even verifications.

T2's refusal to engage in the discovery process made this Motion to Compel necessary, and its obstructionism must not be allowed to continue. Sanctions are essential to reimburse Williams and deter T2's ongoing willful noncompliance with the Federal Rules of Civil Procedure.

## VI. Conclusion

Without the Court's intervention, T2 will continue concealing evidence and refusing to produce responsive documents and adequate responses. Williams cannot litigate the case while being forced to guess what is alleged, what T2 claims is a trade secret, and while T2 conceals evidence in its possession. The Court should grant this motion in its entirety.

Dated: December 30, 2022

Respectfully submitted,

Ryan McCarl
SBN # 302206

Rushing McCarl LLP
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: info@rushingmccarl.com

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule CV-7(h), Defendant Colynda Williams-Arowolo filed this Motion to Compel Discovery after attempting in good faith to meet and confer with T2 and its counsel. The motion is opposed. T2 has failed and refused to voluntarily supplement its discovery responses or produce any documents despite repeated outreach from Williams' counsel.

Dated: December 30, 2022

Respectfully submitted,



Ryan McCarl
SBN # 302206

Rushing McCarl LLP
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: info@rushingmccarl.com

## CERTIFICATE OF SERVICE

I certify that on December 30, 2022, I submitted this filing to the Clerk of the Court and served it on all counsel of record through the Court's ECF system.

Dated: December 30, 2022

Respectfully submitted,

Ryan McCarl
SBN # 302206

Rushing McCarl LLP
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: info@rushingmccarl.com