IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| T2 MODUS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COLYNDA WILLIAMS-AROWOLO,<br><br>Defendant. | § | Case No. 4:22-cv-263 |
| COLYNDA WILLIAMS-AROWOLO,<br><br>Counterclaimant,<br><br>v.<br><br>T2 MODUS, LLC and<br>JIM ROACH,<br><br>Counterdefendants. | § | |

**T2 MODUS, LLC'S RESPONSE TO [DKT. 66] WILLIAMS' MOTIONS IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff/counter-defendant T2 Modus, LLC ("T2 Modus") responds as follows to Williams' Motions in Limine [Dkt. 66]:

**LEGAL STANDARD**

In *Harris v. BMW of N. Am., LLC,* Civil Case No. 4:19-CV-00016, p. 2-3 (E.D. Tex. 2022) this Court stated:

> "'The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.' *Harkness v.*

> *Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). 'The Fifth Circuit has observed that '[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial.'" *Brown v. Carr*, No. CIV.A. C-04-471, 2008 WL 167313, at *1 (S.D. Tex. Jan. 16, 2008) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). 'Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.' *Id.* (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Finally, '[t]he purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*.' *Maggette v. BL Dev. Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (emphasis in original)."

Here, Williams' various motions *in limine* are more designed to limit the factual basis of T2 Modus' claims than the admission of the evidence in support of those claims. Throughout this litigation, Williams has taken the position that the trade secret T2 Modus claims is limited to the underlying "source code" used in its proprietary software. T2 Modus has never contended that its "source code" was its trade secret, but rather that the application of machine learning to enhance consumer data from its automobile dealer customers with data obtained by T2 Modus from third parties to accurately infer missing financial data and provide a prediction as to the probability a particular consumer would enter into a particular transaction within a given time is a trade secret under Tex. Civ. Prac. and Rem. Code §134A.002(6). By consistently trying to redefine T2 Modus' trade secret as being nothing more than source code, Williams' clear intent is to prevent T2 Modus from introducing any evidence in support of its claims.

**Williams' Motion *in Limine* No. 1**

In her Motion *in Limine* No. 1, Williams seeks to exclude Jim Roach and Rory Ellis as expert witnesses.

As to Roach, Williams' motion is entirely limited to whether Roach knows and understands source code or has experience as a coder. Williams is correct that Roach does not claim that expertise more experience. What Roach will testify is that T2 Modus' software enhances its customers data with third party data and accurately predicts consumer behavior; that being able to do so gives T2 Modus an economic advantage over its competitors who do not have similar capabilities; and the measures T2 Modus takes to maintain the secrecy of its proprietary processes. Whether Roach has expertise or knowledge as to the sequencing of the 1's and 0's inside T2 Modus' software has no bearing on his ability to testify as to the data input, the resulting data output, or why T2 Modus claims it as a trade secret. Roach testified extensively at his deposition about his experience with machine learning and artificial intelligence. (See, for example, Roach Depo., p. 29, l. 13 – 33, l. 15). Any concerns the Court may have as to Roach's qualifications would be best addressed during a *voir dire* in which the Court could participate.

As to Ellis, his expertise allowed T2 Modus to identify a potential data breach which originated from Williams' IP address. Williams did not ask permission to access T2 Modus' software and did not tell T2 Modus that she had done so after the fact. T2 Modus was left to discover her unauthorized access through its own means. The time and effort which went into the initial discovery, and into the nature and extent of the possible data breach are relevant and were impacted by Ellis' expertise.

**Williams' Motion *in Limine* No. 2**

This portion of Williams' motion is a further attempt by her to restrict the nature and extent of the trade secret T2 Modus seeks to protect. T2 Modus takes specific issue with Williams' unfounded claim that a Court order required it to turn over its source code. Indeed, the February 8, 2023 Minute Entry cited by Williams statues that T2 Modus should "disclose trade secrets."

The "source code" alone is not the trade secret. As stated above, the trade secret is the enhancement of T2 Modus' customer data with third party data to accurately predict consumer behavior. The prediction of consumer data as to Freeman Honda's customers is what Williams willfully and maliciously misappropriated.

Williams states that she has been unable to determine whether the source code uses software from third parties. T2 Modus denies that this has any relevance. Williams cites no authority for her apparent position that 100% of the components that combine to create a protectable trade secret must be unique to the owner claim the trade secret. For example, T2 Modus' software includes menus and sort functions on column headings. These are common functions in thousands of software programs. T2 Modus' personnel may or may not have written these functions. Whether these functions were written inhouse or came from open source or third parties is irrelevant to T2 Modus' trade secret claims.

**Williams' Motion *in Limine* No. 3**

In her third Motion *in Limine*, Williams seeks to exclude "unsubstantiated terms like 'Artificial Intelligence,' 'Machine Learning,' or' Trade Secret' to refer to its software." The motion itself is vague and invites the Court to leave make an open ruling as to what additional "unsubstantiated terms" T2 Modus would be prohibited from mentioning. In his deposition, Roach testified as to the extent that T2 Modus' proprietary software uses artificial intelligence and machine learning. (Roach Depo., p. 83, l. 8 – p. 85, l. 24 and p. 87, l. 1 – p. 91, l. 6). T2 Modus also provided a video in which Roach demonstrated how its proprietary software functions. Additionally, T2 Modus provided a series of screenshots which demonstrate the filters available when a licensed customer accesses and uses the software. Williams' motion focuses solely on the

individual components within the software program rather than on the results the program is able to produce and provide to T2 Modus' customers.

Williams wholly fails to explain how the use of any of these terms would prejudice a jury.

**Williams' Motion *in Limine* No. 4**

In her fourth Motion *in Limine*, Williams seeks to prevent T2 Modus from introducing any evidence about damages, claiming that nothing has been provided during discovery. Williams ignores the testimony and specific amounts Roach provided during his deposition. (See Roach Deposition excerpt, p. 365, l. 25 – p. 366, l. 24). Note that Roach stated that a portion of those damages may include attorney fees, but counsel for Williams chose not ask the amount of those fees and has never requested that those amounts be disclosed. By contrast, during Williams' deposition, her counsel asserted attorney-client privilege as to nearly all aspects of her fee agreement wither counsel. (Williams Deposition, p. 67, l. 8 – p. 69, l. 6), leaving T2 Modus with no knowledge as to how her fees are calculated or payable.

Williams cannot pretend that she has no knowledge of T2 Modus' damages. Her attorneys solicited the information during Roach's deposition. Following the deposition, counsel for Williams wrote a letter asking for documents to support certain topics explored during the deposition. Documents relating to damages were not among those items sought. (See Dkt. 66-1, Exh. K). Regardless of whether the damages were in an Initial Disclosure, the amount and the method of calculation is known by Williams. Williams' concerns go more toward the weight a trier of fact might give such evidence than to the admissibility of the evidence.

**Williams' Motion *in Limine* No.5**

In her fifth Motion *in Limine*, Williams seeks an order that T2 Modus should not be allowed to make last-minute changes to its allegations about what is its trade secret. Williams complains

that the "existence of other trade secrets, such as customer identities or pricing models" was suddenly suggested in discovery responses served near the close of discovery, referring the court to a set of discovery responses served on March 2, 2023. Roach's deposition was taken on May 16, 2023, two and a half months later. Counsel for Williams chose not to include those topics in the deposition. Customer identities were discussed only in the context of what Williams downloaded from T2 Modus' software platform – that is, the identities of Freeman Honda's customers (i.e. consumers) – not the identities of T2 Modus' Customers (i.e. automobile dealers). Williams' contention that any claim as to trade secret protection of T2 Modus' Customer list being abandoned is just wrong, especially to the extent that Williams attempts to extend that to the predictive behavior scores provided by T2 Modus for consumers of those Customers.

**Williams' Motion *in Limine* No.6**

In her sixth Motion in Limine, Williams seeks an order Freeman Honda's supposed breach of its License Agreement with T2 Modus has no relevance to this case and should be excluded. In doing so, Williams ignores relevant definitions in TUTSA, Tex. Civ. Prac. and Rem. Code §134A.002:

> (2) "Improper means" includes theft, bribery, misrepresentation, **breach or inducement of a breach** of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret, or espionage through electronic or other means. [emphasis added]
>
> (3) "Misappropriation" means:
>
> (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by **improper means**; …
> (B) disclosure or use of a trade secret of another without express or implied consent by a person who:
> (i) used **improper means** to acquire knowledge of the trade secret;
> (ii) at the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:
> (a) derived from or through a person who used improper means to acquire the trade secret;

> > (b) acquired under circumstances giving rise to a duty to maintain the secrecy of or limit the use of the trade secret; or
> > (c) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of or limit the use of the trade secret; or
>
> (iii) before a material change of the position of the person, knew or had reason to know that the trade secret was a trade secret and that knowledge of the trade secret had been acquired by accident or mistake.
>
> (7) "Willful and malicious misappropriation" means intentional misappropriation resulting from the conscious disregard of the rights of the owner of the trade secret.

Freeman Honda's breach of its License Agreement is relevant to T2 Modus' TUTSA claims. T2 Modus contends that Williams knew or should have known, because of her experience working at T2 Modus, that it was improper for Freeman Honda's credentials to be used to access T2 Modus' software platform.

WHEREFORE, T2 Modus urges the Court to deny Williams' motion in full.

Respectfully Submitted,

/s/ Terry D. Criss

Terry D. Criss
Attorney & Counselor at Law
State Bar No. 24079656
3010 LBJ Freeway, Suite 1200
Dallas, Texas 75234
972-919-6150
972-525-0053 fax
tcriss@terrycrisslaw.com

and

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

*/s/ Kirstie M. Simmerman*
**KIRSTIE M. SIMMERMAN**
State Bar No. 24083858
ksimmerman@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
(214) 231-4660 Telephone
(214) 461-4053 Facsimile

Attorneys for Plaintiff T2 Modus, LLC
and Counter-defendant Jim Roach

**Certificate of Service**

I hereby certify that on August 31, 2023, I submitted this pleading to the Clerk of the Court and served the same on all counsel of record via the Court's ECF system.

/s/ Terry D. Criss
Terry D. Criss