# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| T2 MODUS, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:22-CV-263 |
| COLYNDA WILLIAMS-AROWOLO, | § § § | Judge Mazzant |
| *Defendants.* | § | |

| | | |
|---|---|---|
| COLYNDA WILLIAMS-AROWOLO, | § § § | |
| *Counter-Claimant,* | § § | Civil Action No. 4:22-CV-263 |
| v. | § § § | Judge Mazzant |
| T2 MODUS, LLC and JIM ROACH, | § § | |
| *Counter-Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant and Counterclaimant Colynda Williams-Arowolo's Motion for Summary Judgment (Dkt. #36). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

On March 4, 2022, T2 Modus, LLC sued Colynda Williams-Arowolo in the 481st Judicial District Court of Denton County, Texas, alleging that Williams had violated the Computer Fraud Abuse Act, the Texas Harmful Access to Computer Act, and the Texas Uniform Trade Secrets Act (Dkt. #2 at pp. 8–10). Additionally, T2 alleges that Williams breached a non-disclosure

agreement between herself and T2 and breached the fiduciary duty that she owed T2 (Dkt. #2 at pp. 11–12). On April 3, 2022, Williams removed the case to this Court under federal question jurisdiction and diversity jurisdiction (Dkt. #1).

On September 30, 2022, Williams filed counterclaims against T2 Modus, alleging breach of contract and unjust enrichment (Dkt. #23). Additionally, Williams alleged that T2 Modus had violated California Labor Code §§ 202 and 203, Texas Labor Code §§ 61.014 and 61.018, California Penal Code § 632, and California Business & Professional Code § 17200. On October 20, 2022, Williams amended her counterclaims and added Jim Roach as a counter-defendant (Dkt. #25). Williams alleges the same claims against T2 Modus in her amended counterclaims as in her original counterclaims; however, Williams now also brings each counterclaim against Roach as well (Dkt. #35). In addition, Williams added claims against T2 Modus and Roach for violations of California Labor Code § 558.1 (Dkt. #25). Williams contends that Roach and T2 Modus are liable for their own torts and each other's torts because they are alter egos of each other (Dkt. #25).

On May 26, 2022, Williams filed a motion for summary judgment, requesting the Court grant summary judgment in her favor on all Plaintiff's claims (Dkt. #36). In addition, Williams requests that the Court grant summary judgment in her favor on all of her counterclaims (Dkt. #36). On November 30, 2022, T2 Modus and Jim Roach jointly responded (Dkt. #42). On December 7, 2022, Williams filed its reply (Dkt. #43). There was no surreply filed.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the Court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather,

the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).  The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Williams filed a motion for summary judgment, asking the Court to grant summary judgment in her favor on all claims and counterclaims. After a careful review of the record and arguments presented, the Court is not convinced that Williams met her burden of demonstrating that there is no material issue of fact as to any claim or counterclaim such that she would be entitled to judgment as a matter of law. Accordingly, the Court finds that Williams's motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Colynda Williams-Arowolo's Motion for Summary Judgment (Dkt. #36) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 1st day of September, 2023.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE