# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| T2 MODUS, LLC, § | |
| § | |
| *Plaintiff,* § | |
| § Civil Action No. 4:22-cv-00263 | |
| v. § Judge Mazzant | |
| § | |
| COLYNDA WILLIAMS-AROWOLO, § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant and Counterclaimant Colynda Williams-Arowolo's Motion for Reconsideration of Dkt. 70, Order Denying Motion for Summary Judgment or, in the Alternative, Motion for Leave to File Supplemental Briefing for Motion for Summary Judgment (Dkt. #85). Having considered the motion and the relevant pleadings, the Court finds that Defendant and Counterclaimant Colynda Williams-Arowolo's Motion for Reconsideration of Dkt. 70, Order Denying Motion for Summary Judgment or, in the Alternative, Motion for Leave to File Supplemental Briefing for Motion for Summary Judgment (Dkt. #85) should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This case centers around alleged misappropriations of trade secrets by Defendant Colynda Williams-Arowolo (Dkt. #2). Williams filed a motion for summary judgment on all of Plaintiff T2 Modus, LLC's claims and most of Williams's counterclaims (which also allege liability against Counter Defendant Jim Roach) (Dkt. #36), which the Court denied in whole (Dkt. #70). Seventeen days later, Williams filed her motion for reconsideration (Dkt. #85), currently before the Court.

1

On September 26, 2023, T2 Modus and Roach filed their response (Dkt. #89). On October 3, 2023, Williams filed her reply (Dkt. #90). On October 11, 2023, T2 Modus and Roach filed their surreply (Dkt. #93).

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)].'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule

54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

Williams's motion for reconsideration depends on "late revealed evidence and admissions" (Dkt. #86, Exhibit 1 at p. 5). Although Williams does not specify what the "late revealed evidence and admissions" are, they appear to consist of Williams's deposition of Roach on May 16, 2023 (Dkt. #66, Exhibit 15 at p. 2). This newly presented evidence does not alter the Court's analysis in the Memorandum Opinion and Order denying Williams's motion for summary judgment (Dkt. #70). However, the Court dismisses T2 Modus's breach of fiduciary duty claim because Texas law preempts the claim. Further, the Court discusses Williams's claim that rely on the California Labor Code in the context of whether Texas or California law should apply.

### I. Impact of "Late Revealed Evidence and Admissions"

Over three months before the Court ruled on Williams's motion for summary judgment, Williams deposed Roach (Dkt. #66, Exhibit 15 at p. 2; Dkt. #70). Although Williams did not provide this evidence to the Court at the time, this evidence does not alter the Court's prior analysis. After a careful review of the record and arguments presented, the Court is not convinced that Williams met her burden of demonstrating that there is no material issue of fact as to any claim or counterclaim such that she would be entitled to judgment as a matter of law, with the exception

of T2 Modus's breach of fiduciary duty claim. Accordingly, the Court finds that Williams's motion should be denied with the exception of T2 Modus's breach of fiduciary duty claim.

### II. T2 Modus's Breach of Fiduciary Duty Claim

In its fifth cause of action against Williams, T2 Modus claims that Williams breached her fiduciary duty of confidentiality that she owed to T2 Modus (Dkt. #2 ¶¶ 47–50). To succeed on this claim, T2 Modus must prove (1) a fiduciary relationship between the T2 Modus and Williams; (2) Williams must have breached her fiduciary duty to T2 Modus; and (3) Williams' breach must result in injury to the T2 Modus or benefit to Williams. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).

Williams presents two arguments that she is entitled to summary judgment on T2 Modus's breach of fiduciary duty claims. First, Williams claims that no relationship of trust or confidence in Williams existed that would create a fiduciary duty after Williams left her employment with T2 Modus (Dkt. #86 at p. 19). Second, Williams claims that the Texas Uniform Trade Secrets Act preempts T2 Modus's breach of fiduciary duty claim (Dkt. #86 at p. 19). The Court only addresses Williams's second argument because it is dispositive.

The Texas Uniform Trade Secrets Act generally "displaces conflicting tort, restitutionary, and other law of [Texas] providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a).[1] "[D]istrict courts in this circuit have found that to the extent a [party's] tort claim is premised on the same facts as its claim for misappropriation, it is preempted." *See, e.g.*, *UOP LLC v. Exterran Energy Sols., L.P.*, No. 20-CV-233-DC, 2021 WL

---

[1] However, the Texas Uniform Trade Secrets Act does not displace contractual remedies (regardless of whether or not they are based upon misappropriation of a trade secret) or civil remedies that are not based upon misappropriation of a trade secret. *Id.* § 134A.007(b)

4096560, at *6 (W.D. Tex. Aug. 26, 2021); *Total Quality Logistics, LLC v. Medellin*, No. SA-23-CV-00333-XR, 2023 WL 7289396, at *8–9 (W.D. Tex. Nov. 2, 2023); *Forum Energy Techs., Inc. v. Jason Oil & Gas Equip., LLC*, No. H-20-3768, 2022 WL 1103078, at *7 (S.D. Tex. Apr. 13, 2022). "To avoid preemption, a [party] must be able to demonstrate that the claim is based on facts unrelated to the misappropriation of the trade secret." *See Total Quality Logistics, LLC*, 2023 WL 7289396, at *9; *360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, No. A-14-CA-847-SS, 2016 WL 900577, at *6–8 (W.D. Tex. Mar. 2, 2016).

T2 Modus relies on the same set of factual allegations for both its trade secrets misappropriation claim under the Texas Uniform Trade Secrets Act and its breach of fiduciary duty claim. Regarding its breach of fiduciary duty claims, T2 Modus claims that Williams breached her alleged fiduciary duty by "engag[ing] in conduct that was directly contrary to T2's interests, including but not limited to her use of T2's confidential and proprietary information for the benefit of herself and/or Freeman Honda" (Dkt. #2 at ¶ 49). Regarding its misappropriation of trade secrets claim, T2 Modus argues that Williams "misappropriated the trade secrets embodied in T2's confidential and proprietary information" (Dkt. #2 at ¶ 38). In short, T2 Modus's basis for both claims is that Williams misappropriated T2 Modus's confidential and proprietary information.

Williams has conclusively established that the Texas Uniform Trade Secrets Act preempts T2 Modus's breach of fiduciary duty claim. Therefore, the Court grants Williams's motion with respect to T2 Modus's breach of fiduciary duty claim.

### III. Williams's Claim Based on the California Labor Code

In Count 1 of her counterclaims, Williams claims that T2 Modus and Roach have breached California Labor Code §§ 202, 203, and 558.1 for not timely paying Williams's wages (Dkt. #25 ¶¶ 24–33). Williams argues that these provisions are not waivable and apply to any person employed within the state of California. (Dkt. #86, Exhibit 1 at pp. 21–22) (citing Cal. Lab. Code § 206.5 & *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 996 (E.D. Cal. 2016)). T2 Modus and Roach claim that the California Labor Code is inapplicable because this counterclaim deals with a dispute arising from Williams's employment contract, but the employment contract contains a Texas choice-of-law provision (Dkt. #43 at pp. 17–19).

Under California Labor Code § 202, when an at-will employee "quits his or her employment," the employer generally must pay any unpaid wages to the employee within 72 hours. CAL. LAB. CODE § 202(a). Additionally, California Labor Code § 203 imposes penalties where an employer willfully fails to pay wages to former employee pursuant to California Labor Code § 202, among others. *Id.* § 203. Finally, under California Labor Code § 206.5, an employee's release of a claim for wages, before said wages have been paid, is invalid. *Id.* § 206.5.

Whether the California Labor Code controls despite the presence a Texas choice-of-law provision creates a tautology: the Court must employ California law despite the presence of a Texas choice-of-law provision because California law says that it must apply. *See 3D/Int'l, Inc. v. Romano*, 811 Fed App'x 244, 248 (5th Cir. 2020). The default provision is that choice-of-law provisions should be enforced. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 580-81 (5th Cir. 2015). To render a choice-of-law provision unenforceable, a party must demonstrate that:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188 [of Restatement (Second) of Conflict of Laws], would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id.* at 581 (quoting RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 187(2) (AM. L. INST. 1988)). The first prong is inapplicable because T2 Modus is a Texas LLC, which is sufficient to demonstrate a reasonable basis for the Texas choice-of-law provision. *See id.* at 581–82.

The second prong only applies if another state: (1) has a more significant relationship with the parties and the transaction at issue than the chosen state; (2) has a materially greater interest than the chosen state in the enforceability of the provision at issue; and (3) has a fundamental policy that would be contravened if the chosen state's law is applied. *Id.* at 581.

The "more significant relationship test considers: "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *3D/Int'l, Inc.*, 811 Fed App'x at 249 (citing *Cardoni*, 805 F.3d at 581). As this issue is the subject of Williams's motion for summary judgment, the Court must draw all reasonable inference and view all facts in favor of T2 Modus and Roach. *Id.* (citing *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 272-73 (5th Cir. 2009). The Court must make several pivotal inferences in favor of T2 Modus and Roach because the record lacks significant information regarding this conflicts of law issue. *See id.* By weight, the scales of the more significant relationship tip towards Texas.

First, the place of contracting favors Texas over California. The place of contracting is "the place where occurred that last act necessary . . . to give the contract binding effect." *Id.* (quoting

Restatement (Second) of Conflicts of Laws § 188, cmt. e (Am. L. Inst. 1988)). The record contains no information regarding the place of contracting. The Court must draw all reasonable inferences in favor of T2 Modus and Roach. Therefore, the Court assumes that Texas is the place of contracting. *See id.*

Second, the place of negotiation favors Texas over California. The record is silent regarding the place of negotiation. The Court must draw all reasonable inferences in favor of T2 Modus and Roach. Therefore, the Court assumes that Texas is the place of negotiation. *See id.*

Third, the place of performance is neutral. Performance is likely divided between two locations in this case. *Id.* Williams performed her portion of the employment contract remotely from California (Dkt. #86 at p. 21). However, the location of T2 Modus's performance—payment of salary and provision of benefits—is unclear based on insufficient information. A reasonable inference is that T2 Modus's performance came from its principal office in Texas (*See* Dkt. #2 ¶ 3). Therefore, this factor is neutral.

Fourth, the subject matter of the contract favors California over Texas. The subject matter of the employment contract was Williams's employment in California (Dkt. #86 at p. 21).

Fifth, the domicile, residence, nationality, place of incorporation, and place of business of the parties is neutral. The Court will assume the relevant information regarding each party in T2 Modus's complaint has remained the same since the time of contracting. T2 Modus is a Texas limited liability company with its principal place of business in Highland Village, Texas (Dkt. #2 ¶ 3). Williams is an individual domiciled in California (Dkt. #2 ¶4).

Overall, these factors indicate that Texas has a more significant relationship with the parties and the transaction than California. Therefore, no further analysis is necessary and the Texas

choice-of-law provision, as opposed to California law, applies. The result of this conflicts of law could be different with additional information. Williams has not shown that no genuine issue of material fact exists regarding her claim that T2 Modus and Roach breached California Labor Code §§ 202, 203, and 558.1, and Williams is not entitled to judgment as a matter of law. Therefore, the Court denies Williams's motion with respect to her claim that T2 Modus and Roach breached California Labor Code §§ 202, 203, and 558.1.

## CONCLUSION

It is therefore **ORDERED** that Defendant and Counterclaimant Colynda Williams-Arowolo's Motion for Reconsideration of Dkt. 70, Order Denying Motion for Summary Judgment or, in the Alternative, Motion for Leave to File Supplemental Briefing for Motion for Summary Judgment (Dkt. #85) is hereby **GRANTED in part** and **DENIED in part**. The Court only grants Williams's motion with respect to T2 Modus's breach of fiduciary duty claim.

**IT IS SO ORDERED.**

SIGNED this 16th day of November, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE